FILED

1  Vahag Matevosian, Esq. (State Bar No. 283710)
2  consumerlitigationteam@kaass.com

2012 OCT 10 PM 2: 29

3  **KAASS LAW**
   313 East Broadway, #944
4  Glendale, California 91209
   Telephone. 310.943.1171

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

5
6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

CV12-8683-GW
(JEM)

10 HRANT PETROSYAN, an individual;    )   Case No.:
              Plaintiff,             )
11                                    )   **COMPLAINT FOR:**
                                      )
12      vs.                           )
   CACH, LLC., A Colorado Limited Liability )   1. **Willful Violations of Federal Fair**
13 Company;                          )      **Credit Reporting Act, 15 U.S.C. §**
   CAPITAL ONE N.A., A National Association;)      **1681s-2(b);**
14 CITIBANK N.A., A National Association;  )   2. **Negligent Violations of Federal Fair**
   CHASE BANK USA N.A., A National    )      **Credit Reporting Act, 15 U.S.C. §**
15 Association ;                      )      **1681s-2(b);**
   DB SERVICING CORPORATION, A        )   3. **Intentional Violations of California**
16 Delaware Corporation ;             )      **Consumer Credit Reporting**
   MIDLAND FUDNING, LLC., A Delaware  )      **Agencies Act, Cal. Civ. Code §**
17 Limited Liability Company;         )      **1785.25(a);**
   SECUIRTY CREDIT SERVICES, LLC., A  )   4. **Negligent Violations of California**
18 Minnesota Limited Liability Company )      **Consumer Credit Reporting**
   U.S. BANCORP, A Delaware Corporation )      **Agencies Act, Cal. Civ. Code §**
19              Defendants.           )      **1785.25(a);**
                                      )   5. **Violations of Federal Fair Debt**
20                                    )      **Collection Practices Act, 15 U.S.C.**
                                      )      **§§ 1692(e), 1692(f) and 1692(g);**
21                                    )   6. **Violation of California Rosenthal**
                                      )      **Fair Debt Collections Practices Act,**
22                                    )      **Cal. Civ. Code § 1788.17.**
                                      )   7. **Defamation by Libel**
23                                    )
                                      )   **JURY TRIAL DEMANDED**
24                                    )
25 _____)

26 ///

27 ///

28 ///

1
**COMPLAINT**

Plaintiff, through counsel, alleges:

## NATURE OF ACTION

This is a private action brought by an individual consumer under Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts: California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over the State claims under 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to Plaintiff's action occurred in the State of California in the Central District of California, where Plaintiff resides in the said State and district, and where Defendants transacts business in said State and district.

## PARTIES

4.      Plaintiff, Hrant Petrosyan ("Plaintiff"), is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendants CACH, LLC ("CACH"); CAPITAL ONE N.A. ("CAPITAL"); CITIBANK N.A. ("CITI"); CHASE   BANK USA N.A. ("CHASE"); DB SERCIVING CORPORATION ("DB"); MIDLAND FUNDING, LLC ("MIDLAND"); SECUIRITY CREDIT SERVICES, LLC ("SCS") and U.S. BANCORP ("U.S.") are each a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

7.      Defendants are each a "furnisher of information" as referenced under 15 U.S.C. § 1681s-2 who, as part of their regular course of business, furnish information concerning consumers to the Credit Reporting Agencies.

8.      Defendants CACH, MIDLAND and SCS are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), who at all relevant times were engaged in the business of collecting consumer debts, as defined by 15 U.S.C. § 1692a(5).

9.      Pursuant to Fed. R. Civ. P. 20(a)(2) Plaintiff brings this action against Defendants under one joint complaint because any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and identical questions of law common to all defendants will arise.

10.     When a reference in this Complaint is made to any act or omission of Defendants' corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendants and their owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

## FACTUAL ALLEGATIONS

11.     On or about March 06, 2012, Plaintiff obtained his credit reports maintained by the three major credit reporting agencies: Experian, Equifax, and TransUnion (collectively "CRAs"). Upon review of the information contained in his credit reports, Plaintiff discovered accounts in derogatory status reported by Defendants CACH (Account No. 12007061385); CAPITAL (Partial Account No. 480213709266...); CITI (Partial Account No. 4004183..., 542418073334... and 546616013711...); CHASE (Partial Account No. 426684112772...,418581306237..., 424631516839.. and 426684101012...); DB (Partial Account No. 60114941695...); MIDLAND (Partial Account No. 854206...); SCS (Account No. 1890095) and U.S. (Partial Account No. 552952000134... and 479853120538...) (collectively "Accounts").

12.     After careful review of the above referenced accounts, Plaintiff determined that the accounts do not belong to him.

13.     Consequently, on or about March 06, 2012, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff submitted written disputes to the CRAs stating that the above referenced accounts do not belong to him.

14.     Based on information and belief, the CRAs contacted the Defendants about Plaintiff's dispute of the accounts furnished by each Defendant.

15.     Following the submission of his credit bureau disputes, Plaintiff mailed dispute letters to Defendants on or about March 29, 2012.

16.     Plaintiff mailed dispute letters, identical in content, to Defendants CAPITAL; CITI; CHASE; DB and U.S. requesting to provide documentation substantiating the existence, ownership, and accuracy of their accounts as reported to the CRAs. Alternatively, Plaintiff requested deletion of the inaccurate accounts reported by these Defendants in the absence of the verification documents.

17.     Plaintiff mailed separate set of dispute letters, identical in content, to Defendants CACH, SCS and MIDLAND requesting validation of their purported debts and verification of accuracy of their collection accounts as reported to the CRAs. In the absence of the requested verification documents, Plaintiff requested deletion of the accounts reported by these Defendants.

18.     In contrast to the remaining Defendants, CACH, SCS and MIDLAND are also third party debt collectors. As such, Defendants CACH, SCS and MIDLAND had further obligation to communicate with Plaintiff regarding the alleged debts prior to their credit reporting. Defendants CACH, SCS and MIDLAND, however, failed to comply with this obligation. Consequently, Defendants CACH, SCS and MIDLAND had reported debts to the CRAs without notice and validation.

19.     Several days following Plaintiff's credit bureau dispute, updated credit reports showed that Defendants had allegedly verified the accounts to the CRAs. When Plaintiff requested proof of the alleged verification, Defendants failed to provide any such supporting documentation.

20.     On or about April 30, 2012 Plaintiff sent letters to Defendants, through his authorized agent, to follow up on his previous requests for production of documents to support their alleged verifications. Defendants and each one of them failed to respond properly or at all to Plaintiff's follow-up requests and again failed to produce any proof of Defendants' alleged verification of the accounts.

21.     On or about May 14, 2012, Plaintiff sent letters to Defendants, through his authorized agent, with a final request to produce verification documents or proceed with deletion of the disputed accounts. Defendants and each one of them once again failed to address Plaintiff's request.

22.     Plaintiff submitted three (3) separate letters to each Defendant requesting proof of investigation and verification in support of Defendants alleged verification with the CRAs. Defendants, however, repeatedly and continuously disregarded these requests and failed to produce such proof. Thus, it is reasonable to presume that Defendants do not have confirmative support for their alleged investigation and verification with the CRAs.

23.     As of this date, Defendants tenaciously continue to report the unverified accounts on Plaintiff's credit reports maintained by the CRAs.

24.     As a result of Defendants' reporting of the unverified, hence, inaccurate accounts, Plaintiff's creditworthiness is negatively impacted. Defendants' conduct in turn caused the Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but not limited to the following:

a.     Actual damages caused by monetary losses relating to denials to obtain new credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated interest rates and finance charges;

b.     Out of pocket expenses incurred as a result of communications with Defendants, in addition to fees paid to attorneys and credit professionals for the assistance attained in the process;

c.     Emotional distress and mental anguish associated with derogatory credit information reported by Defendants about Plaintiff to parties with access to Plaintiff's credit reports;

d.     Decreased credit rating and creditworthiness which resulted in denial to obtain new credit, employment or housing on future attempts.

**FIRST COUNT - Against All Defendants**

**(Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))**

5

25.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

26.    Defendants knowingly, intentionally, and willfully disregarded their obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

27.    Defendants violated 15 U.S.C. § 1681s-2(b)(1) because they failed to conduct proper investigation of disputed information.

28.    Defendants violated 15 U.S.C. § 1681s-2 (b)(2) because they failed to take proper action of verification, correction, or deletion of the information Plaintiff disputed within the statutorily mandated investigation period of thirty (30) days.

29.    Defendants' violations actually and proximately caused Plaintiff's injuries.

30.    Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants' are in violation of the FCRA.

31.    Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

## SECOND COUNT - Against All Defendants

### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

32.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

33.    Defendants' negligently violated 15 U.S.C. § 1681s-2(b) because they breached their duty to report accurate credit information which actually and proximately caused Plaintiff's injuries.

34.    Defendants' violations actually and proximately caused Plaintiff's injuries.

35.    Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants violated the FCRA.

36.    Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

### THIRD COUNT - Against All Defendants

### (Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

37.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

38.     Defendants knowingly, willfully, and intentionally disregarded their obligation to accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendants knew to be inaccurate or the accuracy of which was not known nor verified at the time of furnishing.

39.     Defendants' violations actually and proximately caused Plaintiff's injuries.

40.     As a result of the Defendants' violations of the CCRAA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for Defendant's willful noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering deletion of the subject unverified accounts from reporting with the CRAs pursuant to Cal.Civ. Code § 1785.31(b).

### FOURTH COUNT - Against All Defendants

### (Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

41.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

42.     Defendants negligently breached their duty to report accurate credit information by disregarding their obligations under Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendants should have known to be inaccurate or the accuracy of which was not known nor verified at time of furnishing.

43.     Defendants' violations actually and proximately caused Plaintiff's injuries.

44.     As a result of the Defendant's violations, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages, including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code § 1785.31(a)(1); and injunctive relief ordering deletion of the unverified accounts from reporting

with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

**FIFTH COUNT - Against Defendants CACH, SCS and MIDLAND**

**(Violations of FDCPA, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g))**

45.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

46.     Defendants CACH, SCS and MIDLAND knowingly, willfully, and intentionally disregarded the notice and disclosure requirements imposed under 15 U.S.C. § 1692g(a)—requiring Defendants CACH, SCS and MIDLAND to notify Plaintiff of the purported debts and of Plaintiff's rights under the FDCPA.

47.     Defendants CACH, SCS and MIDLAND knowingly, willfully, and intentionally failed to cease collection activities.

48.     Defendants disregarded Plaintiff's request for debt validation but continued credit reporting on the alleged debts in the absence of proper validation of debts in violation of 15 U.S.C. § 1692g(b).

49.     Defendants used false, deceptive, and misleading representation or means in their attempts to collect purported debts from Plaintiff.  Defendants falsely represented the character, amount, or legal status of debts in violation of 15 U.S.C. § 1692e(2).  The character, amount and legal status of their purported debts, as reported to the CRAs, were not communicated to Plaintiff prior to the reporting and they were not verified even after Plaintiff's dispute.

50.     Defendants used unfair or unconscionable means in their attempts to collect alleged debts in violation of 15 U.S.C. § 1692f. Specifically, Defendants reported unverified debts in Plaintiff's name to coerce Plaintiff to make payments.

51.     Defendants' violations actually and proximately caused Plaintiff's injuries.

52.     As a result of Defendants' violations of the FDCPA, Plaintiff prays for declaratory relief that Defendant's conduct violated the FDCPA. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and costs and attorney's fees per 15 U.S.C. § 1692k(a)(3).

**SIXTH COUNT - Against Defendants CACH, SCS and MIDLAND**

**(Violation of RFDCPA, Cal. Civ. Code § 1788.17)**

53.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

54.     Defendants CACH, SCS and MIDLAND used false representations and unfair or unconscionable means in attempt to collect their alleged debts from Plaintiff because they furnished, without notice, and continue to report unverified debts in Plaintiff's name. By such reporting, Defendants CACH, SCS and MIDLAND falsely infer that the Plaintiff is indebted with them. Their conduct is intended to coerce Plaintiff into payment of debts for which Defendants have no proof of validity or right to collection in violation of Cal. Civil Code § 1788.17.

55.     Defendants' violations actually and proximately caused Plaintiff's injuries.

56.     As a result of Defendants' violations of the RFDCPA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages pursuant to Cal. Civ. Code § 1788.30(b); and costs and attorney's fees per Cal. Civ. Code § 1788.30(c).

**SEVENTH COUNT - Against All Defendants**

**(DEFAMATION BY LIBEL)**

57.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

58.     Defendants repeatedly published or have caused to be published written material information they knew or should have known to be false. Specifically, Defendants are directly responsible for the reporting of unverified and inaccurate credit information about Plaintiff to the CRAs. Defendants inaccurately published information was accessible to parties with access to Plaintiff's credit reports.

59.     The information disseminated via publication was made of and concerning the Plaintiff and was so understood by those who viewed the publication.

60.     Defendants' violations actually and proximately caused Plaintiff's injuries.

61.     The information is libelous in that it causes enormous harm to Plaintiff's creditworthiness and defamed Plaintiff in the eyes of his current and potential creditors.

62.     The publication of Defendants' unverified accounts on Plaintiff's credit reports and repeated failure to correct such publication was done with malice to injure Plaintiff for the direct benefit of Defendants. Accordingly, Plaintiff seeks an award of punitive damages.

### PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Actual damages;

2. Statutory damages;

3. Civil penalties;

4. Legal fees and costs;

5. Prejudgment and postjudgment interest;

6. Punitive damages;

7. Declaratory relief;

8. Injunctive relief;

9. For additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: October 5, 2012                    **KAASS LAW**

By:_____
        Vahag Matevosian, Attorney for Plaintiff

Name & Address:
Vahag Matevosian, Esq. (State Bar No. 283710)
Email: consumerlitigationteam@kaass.com
313 East Broadway, #944
Glendale, California 91209
Tel. 310-943-1171

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRANT PETROSYAN, an individual | CASE NUMBER |
| PLAINTIFF(S) | **CV12-8683**–$GW$ ($JEM$) |
| v. CACH, LLC., A Colorado Limited Liaiblity Company et al (See attached for additional Defendants) | |
| DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Vahag Matevosian _____, whose address is 313 East Broadway, #944, Glendale, California 91209 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **OCT 1 0 2012** _____

By: _____ **MARILYN DAVIS** _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1   Vahag Matevosian, Esq. (State Bar No. 283710)
    consumerlitigationteam@kaass.com
2

3   **KAASS LAW**
    313 East Broadway, #944
4   Glendale, California 91209
    Telephone. 310.943.1171
5

6   Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
9

10  HRANT PETROSYAN,  an individual;      )   **Case No.:**
                         Plaintiff,       )
11                                        )   **COMPLAINT FOR:**
              vs.                         )
12  CACH, LLC., A Colorado Limited Liability )   1.  **Willful Violations of Federal Fair**
    Company;                              )       **Credit Reporting Act, 15 U.S.C. §**
13  CAPITAL ONE N.A., A National Association;)     **1681s-2(b);**
    CITIBANK N.A., A National Association; )   2.  **Negligent Violations of Federal Fair**
14  CHASE BANK USA N.A., A National        )       **Credit Reporting Act, 15 U.S.C. §**
    Association ;                          )       **1681s-2(b);**
15  DB SERVICING CORPORATION, A           )   3.  **Intentional Violations of California**
16  Delaware Corporation ;                )       **Consumer Credit Reporting**
    MIDLAND FUDNING, LLC., A Delaware      )       **Agencies Act, Cal. Civ. Code §**
17  Limited Liability Company;             )       **1785.25(a);**
    SECUIRTY CREDIT SERVICES, LLC., A     )   4.  **Negligent Violations of California**
18  Minnesota Limited Liability Company    )       **Consumer Credit Reporting**
19  U.S. BANCORP, A Delaware Corporation   )       **Agencies Act, Cal. Civ. Code §**
                         Defendants.       )       **1785.25(a);**
20                                        )   5.  **Violations of Federal Fair Debt**
                                          )       **Collection Practices Act, 15 U.S.C.**
21                                        )       **§§ 1692(e), 1692(f) and 1692(g);**
22                                        )   6.  **Violation of California Rosenthal**
                                          )       **Fair Debt Collections Practices Act,**
23                                        )       **Cal. Civ. Code § 1788.17.**
                                          )   7.  **Defamation by Libel**
24                                        )
                                          )   **JURY TRIAL DEMANDED**
25                                        )
    ///
26
    ///
27
    ///
28

                                    1
                             **COMPLAINT**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HRANT PETROSYAN | CACH, LLC et al (See attached for additional Defendants) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Vahag Matevosian, Esq. (State Bar No. 283710)<br>Email: consumerlitigationteam@kaass.com<br>313 East Broadway, #944 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** NOT YET ASSERTED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF FAIR CREDIT REPORTING ACT and VIOLATIONS OF FAIR DEBT COLLECTION PRATICES ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____ CV12-8683

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                            ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                            ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                            ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIIOUS |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 05, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 8683 GW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.