FILED

1  Vahag Matevosian, Esq. (State Bar No. 283710)
   consumerlitigationteam@kaass.com

2

2012 OCT 31  PM 3: 19

3  **KAASS LAW**
   313 East Broadway, #944

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

4  Glendale, California 91209
   Tel. 310.943.1171

BY:_____

5

6  Attorney for Plaintiff

7

8              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA

9

10 HRANT PETROSYAN, an individual;        )   Case No.: **2:12-cv-08683-GW-(JEMx)**
                    Plaintiff,            )
11                                        )   **FIRST AMENDED COMPLAINT FOR:**
              vs.                         )
12 CACH, LLC., A Colorado Limited Liability )   1.  **Willful Violations of Federal Fair**
   Company;                               )       **Credit Reporting Act, 15 U.S.C. §**
13 CAPITAL ONE N.A., A National Association;)      **1681s-2(b);**
14 CITIBANK N.A., A National Association;   )   2.  **Negligent Violations of Federal Fair**
   CHASE BANK USA N.A., A National          )       **Credit Reporting Act, 15 U.S.C. §**
15 Association ;                            )       **1681s-2(b);**
   DB SERVICING CORPORATION /aka/           )   3.  **Intentional Violations of California**
16 DISCOVER FINANCIAL SERVICES, LLC,        )       **Consumer Credit Reporting**
   A Delaware Corporation ;                 )       **Agencies Act, Cal. Civ. Code §**
17 MIDLAND FUDNING, LLC., A Delaware        )       **1785.25(a);**
18 Limited Liability Company;               )   4.  **Negligent Violations of California**
   SECUIRTY CREDIT SERVICES, LLC., A        )       **Consumer Credit Reporting**
19 Minnesota Limited Liability Company      )       **Agencies Act, Cal. Civ. Code §**
   U.S. BANCORP, A Delaware Corporation;    )       **1785.25(a);**
20                Defendants.              )   5.  **Violations of Federal Fair Debt**
                                           )       **Collection Practices Act, 15 U.S.C.**
21                                         )       **§§ 1692(e), 1692(f) and 1692(g);**
                                           )   6.  **Violation of California Rosenthal**
22                                         )       **Fair Debt Collections Practices Act,**
                                           )       **Cal. Civ. Code § 1788.17.**
23                                         )   7.  **Defamation by Libel**
24                                         )
                                           )   **JURY TRIAL DEMANDED**
25 _____ )

26 ///

27 ///

   ///
28

                              1

Plaintiff, through counsel, alleges:

## NATURE OF ACTION

This is a private action brought by an individual consumer under Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts: Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction over the State claims under 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to Plaintiff's action occurred in the State of California in the Central District of California, where Plaintiff resides in the said State and district, and where Defendants transact business in said State and district.

## PARTIES

4.     Plaintiff, HRANT PETROSYAN ("Plaintiff"), is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendants CACH, LLC ("CACH"); CAPITAL ONE N.A. ("CAPITAL"); CITIBANK N.A. ("CITIBANK"); CHASE BANK USA N.A. ("CHASE"); DB SERCIVING CORPORATION /aka/ DISCOVER FINANCIAL SERVICES, LLC ("DISCOVER"); MIDLAND FUNDING, LLC ("MIDLAND"); SECURITY CREDIT SERVICES, LLC ("SECURITY") and U.S. BANCORP ("USBANK") are each a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

7.     Defendants are each a "furnisher of information" as referenced under 15 U.S.C. § 1681s-2 who, as part of their regular course of business, furnish information concerning consumers to the Credit Reporting Agencies.

8.     Defendants CACH, MIDLAND and SECURITY are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), who at all relevant times were engaged in the business of collecting or attempting to collect consumer debts, as defined by 15 U.S.C. § 1692a(5).

9.     Pursuant to Fed. R. Civ. P. 20(a)(2) Plaintiff brings this action against Defendants under one joint complaint because any right to relief is asserted against them jointly, severally, or, in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and identical questions of law common to all defendants will arise.

10.    When a reference in this First Amended Complaint is made to any act or omission of Defendants' corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendants and their owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

## FACTUAL ALLEGATIONS

11.    On or about March 2012, Plaintiff obtained his credit reports maintained by the three major credit reporting agencies: Experian, Equifax, and TransUnion (collectively "CRAs"). Upon review of the information contained in his credit reports, Plaintiff discovered accounts in derogatory status reported by Defendants CACH (Account No. 12007061385); CAPITAL (Partial Account No. 480213709266...); CITIBANK (Partial Account No. 4004183..., 542418073334... and 546616013711...); CHASE (Partial Account No. 426684112772...,418581306237..., 424631516839.. and 426684101012...); DISCOVER (Partial Account No. 60114941695...); MIDLAND (Partial Account No. 854206...); SECURITY (Account No. 1890095) and USBANK (Partial Account No. 552952000134... and 479853120538...) (collectively "Accounts").

12.    After review of the above referenced accounts, Plaintiff, based on information available, determined that the accounts do not belong to him.

13.    Consequently, on or about March 6, 2012, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff submitted written disputes to the CRAs disputing the existence, ownership, and accuracy of the above referenced accounts.

14.    Based on information and belief, the CRAs contacted Defendants about Plaintiff's dispute of the accounts furnished by each Defendant.

15.    Following the submission of his credit bureau disputes, Plaintiff, through authorized agent, mailed dispute letters to Defendants on or about March 29, 2012.

16.    Plaintiff mailed dispute letters to Defendants CACH, CAPITAL, CITIBANK, CHASE, DISCOVER, MIDLAND, SECURITY, and USBANK requesting to provide documentation substantiating the existence, ownership, and accuracy of the accounts as reported to the CRAs. Alternatively, Plaintiff requested deletion of the inaccurate accounts reported by Defendants in the absence of the verification documents.

17.    Plaintiff's letters addressed to Defendants CACH, MIDLAND, and SECURITY further requested debt validation obligating these Defendants to prove, in addition to the existence, ownership, and accuracy, legal right to collect the disputed debts.

18.    In contrast to the remaining Defendants, CACH, MIDLAND, and SECURITY are also third party debt collectors. As such, Defendants CACH, MIDLAND, and SECURITY had further obligation to communicate with Plaintiff regarding the alleged debts prior to their credit reporting. Defendants CACH, MIDLAND, and SECURITY, however, failed to comply with this obligation. Consequently, Defendants CACH, MIDLAND, and SECURITY had reported debts to the CRAs without notice and validation.

19.    Following Plaintiff's credit bureau dispute, updated credit reports showed that Defendants continued to report the accounts to the CRAs. When Plaintiff requested proof of verification, however, Defendants failed to provide any such supporting documentation.

20.    On or about April 30, 2012, Plaintiff sent letters to Defendants, through authorized agent, to follow up on his previous requests for production of documents to support any alleged

verifications. Defendants and each one of them failed to respond properly or at all to Plaintiff's follow-up requests and again failed to produce any proof of verification of the accounts.

21. On or about May 14, 2012, Plaintiff sent letters to Defendants, through authorized agent, with a final request to produce verification documents or proceed with deletion of the disputed accounts. Defendants and each one of them once again failed to address Plaintiff's request.

22. Plaintiff submitted three (3) separate letters to each Defendant requesting proof of investigation and verification justifying their continued reporting of the accounts with the CRAs. Defendants, however, repeatedly and continuously disregarded these requests and failed to produce such proof. Thus, it is reasonable to presume that Defendants do not have confirmative support for the existence, ownership, and accuracy of the accounts.

23. As of this date, Defendants tenaciously continue to report the unverified, hence, inaccurate accounts on Plaintiff's credit reports maintained by the CRAs.

24. Defendants' reporting of inaccurate accounts to the CRAs constitute defamatory statement of or concerning Plaintiff. Such inaccurate information was exposed to thirds parties that viewed Plaintiff's credit reports, thus defaming Plaintiff by lowering Plaintiff's reputation as a consumer.

25. As a result of Defendants' reporting, Plaintiff's creditworthiness is negatively impacted. Defendants' conduct in turn caused the Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but not limited to the following:

    a. Actual damages caused by monetary losses relating to denials to obtain new credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated interest rates and finance charges;

    b. Out of pocket expenses incurred as a result of communications with Defendants, in addition to fees paid to attorneys and credit professionals for the assistance attained in the process;

c.      Emotional distress and mental anguish associated with derogatory credit information reported by Defendants about Plaintiff to parties with access to Plaintiff's credit reports;

d.      Decreased credit rating and creditworthiness which resulted or will result in denials to obtain new credit, employment or housing on future attempts.

### FIRST COUNT - Against All Defendants

### (Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))

26.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

27.     Defendants knowingly, intentionally, and willfully disregarded their obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

28.     Defendants violated 15 U.S.C. § 1681s-2(b)(1) because they failed to conduct proper investigation of disputed information.

29.     Defendants violated 15 U.S.C. § 1681s-2 (b)(2) because they failed to take proper action of verification, correction, or deletion of the information Plaintiff disputed within the statutorily mandated investigation period of thirty (30) days.

30.     Defendants' violations actually and proximately caused Plaintiff's injuries.

31.     Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants' are in violation of the FCRA.

32.     Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendants' willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

### SECOND COUNT - Against All Defendants

### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

33.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

34.     Defendants' negligently violated 15 U.S.C. § 1681s-2(b) because they breached

their duty to conduct reasonable reinvestigation of disputed information and report accurate credit information.

35.   Defendants' violations actually and proximately caused Plaintiff's injuries.

36.   Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants violated the FCRA.

37.   Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

### THIRD COUNT - Against All Defendants

### (Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

38.   Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

39.   Defendants knowingly, willfully, and intentionally disregarded their obligation to accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendants knew to be inaccurate or the accuracy of which was not known nor verified at the time of furnishing.

40.   Plaintiff's dispute letters submitted to Defendants along with Defendants' failure to prove the accuracy of their reporting put them on notice that the information they reported is inaccurate. As such, Defendants reported inaccurate information with knowledge.

41.   Defendants' violations actually and proximately caused Plaintiff's injuries.

42.   As a result of the Defendants' violations of the CCRAA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for Defendant's willful noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering deletion of the subject unverified accounts from reporting with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

### FOURTH COUNT - Against All Defendants

### (Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

43.   Plaintiff repeats and repleads each and every allegation contained in all prior

1    paragraphs and incorporates the same herein by reference.

2       44.    Defendants negligently breached their duty to report accurate credit information by

3  disregarding their obligations under Cal. Civ. Code § 1785.25(a)— to refrain from reporting

4  information that Defendants should have known to be inaccurate or the accuracy of which was not

5  known nor verified at time of furnishing.

6       45.    Plaintiff's dispute letters submitted to Defendants along with Defendants' failure to

7  prove the accuracy of their reporting put them on notice that the information they reported is

8  inaccurate. As such, Defendants reported inaccurate information negligently.

9       46.    Defendants' violations actually and proximately caused Plaintiff's injuries.

10       47.    As a result of the Defendant's violations, Plaintiff suffered personal humiliation,

11  embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages,

12  including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code §

13  1785.31(a)(1); and injunctive relief ordering deletion of the unverified accounts from reporting

14  with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

15               **FIFTH COUNT - Against Defendants CACH, MIDLAND, and SECURITY**

16               **(Violations of FDCPA, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g))**

17       48.    Plaintiff repeats and repleads each and every allegation contained in all prior

18  paragraphs and incorporates the same herein by reference.

19       49.    Defendants CACH, MIDLAND, and SECURITY knowingly, willfully, and

20  intentionally disregarded the notice and disclosure requirements imposed under 15 U.S.C. §

21  1692g(a)—requiring these Defendants to notify Plaintiff of the purported debts and of Plaintiff's

22  rights under the FDCPA.

23       50.    Defendants CACH, MIDLAND, and SECURITY knowingly, willfully, and

24  intentionally failed to cease collection activities upon notice of dispute.

25       51.    Specifically, these Defendants disregarded Plaintiff's request for debt validation

26  and continued reporting the alleged debts to CRAs throughout the investigation period and in the

27  absence of proper validation in violation of 15 U.S.C. § 1692g(b).

28       52.    Defendants CACH, MIDLAND, and SECURITY used false, deceptive, and

misleading representation or means in their attempts to collect purported debts from Plaintiff.

53.     Defendants CACH, MIDLAND, and SECURITY falsely represented the character, amount, or legal status of the purported debts to Plaintiff through CRAs in violation of 15 U.S.C. § 1692e(2).

54.     Defendants CACH, MIDLAND, and SECURITY communicated to CRAs credit information which they knew or should have known to be false in violation of 15 U.S.C. § 1692e(8).

55.     Plaintiff's dispute letters submitted to these Defendants along with their failure to prove the validity of the debt put them on notice that credit information they reported is false. As such, these Defendants reported false information with knowledge and/or negligence.

56.     Defendants CACH, MIDLAND, and SECURITY further violated 15 U.S.C. § 1692e(8) by failing to communicate to the CRAs that a disputed debt is disputed.

57.     Defendants CACH, MIDLAND, and SECURITY used unfair or unconscionable means in their attempts to collect amounts not expressly authorized by any agreement creating the debts and not permitted by law in violation of 15 U.S.C. § 1692f(1). Specifically, these Defendants reported collection accounts in the absence of agreements creating debts and expressly authorizing them to collect such debts.

58.     Defendants CACH, MIDLAND, and SECURITY reported collection accounts to coerce Plaintiff to make payments of debts for which these Defendants have no proof of validity or right to collection.

59.     Defendants CACH, MIDLAND, and SECURITY's violations actually and proximately caused Plaintiff's injuries.

60.     As a result of Defendants CACH, MIDLAND, and SECURITY's violations of the FDCPA, Plaintiff prays for declaratory relief. Plaintiff is further entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and costs and attorney's fees per 15 U.S.C. § 1692k(a)(3).

**SIXTH COUNT - Against Defendants CACH, MIDLAND, and SECURITY**

**(Violation of RFDCPA, Cal. Civ. Code § 1788.17)**

61.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

62.     Plaintiff specifically repeats and repleads herein by reference each and every claim brought under the Federal FDCPA pursuant to Cal. Civ. Code § 1788.17.

63.     As a result of Defendants CACH, MIDLAND, and SECURITY's violations of the RFDCPA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages pursuant to Cal. Civ. Code § 1788.30(b); and costs and attorney's fees per Cal. Civ. Code § 1788.30(c).

**SEVENTH COUNT - Against All Defendants**

**(DEFAMATION BY LIBEL)**

64.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

65.     Defendants repeatedly published or have caused to be published written material information they knew or should have known to be false. Specifically, Defendants are directly responsible for the reporting of unverified and inaccurate credit information about Plaintiff to the CRAs. Defendants' inaccurately published information was viewed by parties with access to Plaintiff's credit reports.

66.     The information disseminated via publication was made of and concerning the Plaintiff and was so understood by those who viewed the publication.

67.     Defendants' violations actually and proximately caused Plaintiff's injuries.

68.     The information is libelous in that it caused and continues to cause enormous harm to Plaintiff's creditworthiness defaming Plaintiff in the eyes of his current and potential creditors.

69.     The publication of Defendants' unverified accounts on Plaintiff's credit reports and repeated failure to correct such publication was done with malice to injure Plaintiff for the direct benefit of Defendants.

70.     Defendants acted with malice because Defendants knew of the falsity or recklessly disregarded the truth or falsity of their publication.

10

**FIRST AMENDED COMPLAINT**

71.     The three letters submitted by Plaintiff to Defendants disputing the existence, ownership, and accuracy of the accounts along with Defendants' failure to prove the accuracy of their reporting permit the inference that Defendants in fact entertained serious doubts as to the truth of their publication.

72.     Defendants are the only parties in a position to conduct reasonable investigation to confirm the accuracy of their publication. Defendants, however, failed to prove they took reasonable steps to verify the disputed information and that the information was in fact verified to be accurate. ,

73.     The Defendants' defamation of Plaintiff was willful, deliberate, knowing and/or with reckless disregard for the interest and rights of Plaintiff such as to justify an award of punitive damages against Defendants, among other relief.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.  Actual damages;

2.  Statutory damages;

3.  Civil penalties;

4.  Legal fees and costs;

5.  Prejudgment and postjudgment interest;

6.  Punitive damages;

7.  Declaratory relief;

8.  Injunctive relief;

9.  Any additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: October 30, 2012

KAASS LAW

By:_____
Vahag Matevosian
Attorney for Plaintiff

FIRST AMENDED COMPLAINT