# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 12-8683-GW(JEMx) | Date January 3, 2013 |
| Title *Hrant Petrosyan v. CACH, LLC, et al.* | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Vahag Matevosian    Timothy P. Johnson

**PROCEEDINGS:** **DEFENDANT CACH, LLC'S MOTION TO DISMISS COMPLAINT (filed 11/27/12)**

The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motion is **GRANTED/DENIED IN PART.**

: 03

Initials of Preparer JG

*__Petrosyan v. CACH, LLC, et al.__*, Case No. 12-cv-08683-GW (JEMx)
Tentative Ruling on Motion to Dismiss

On October 31, 2012, plaintiff Hrant Petrosyan ("Plaintiff") filed a First Amended Complaint ("FAC") in this action, attempting to state two claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(b)(1) and 1681s-2(b)(2), two claims for violation of California's Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a), one claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), one claim for violation of California's Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), and one claim for defamation by libel. On December 13, 2012, the Court issued a ruling in this case in connection with motions to dismiss brought by Citibank, N.A. (erroneously sued as Citibank, A National Association) ("Citibank") and DB Servicing Corporation ("DB"). *See* Docket No. 39. In that ruling, the Court addressed several of the arguments advanced by the present moving defendant, CACH, LLC ("CACH). CACH moves to dismiss all claims for relief. The analysis set forth in connection with the earlier ruling is incorporated herein, and to the extent CACH simply raises the same arguments as addressed therein, they will not be separately analyzed here.

Under Fed. R. Civ. P. 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pled factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Similarly, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556, 570; *see also Johnson v. Riverside Healthcare*

1

*Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson*, 534 F.3d at 1121-22; *see also Twombly*, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

### FCRA

For the reasons set forth in the December 13 ruling, Plaintiff's FCRA claim would survive a pleadings-based challenge. The Court takes this opportunity only to further address one point: permitting Plaintiff to proceed past the pleadings on this claim is clearly not the equivalent of providing a private right of action for a section 1681s-2(a) violation. Plaintiff's FCRA claims are plainly section 1681s-2(b) claims (for which there is a private right of action). While a plaintiff may not sue a furnisher for failing to communicate with him directly, by failing to communicate the furnisher cannot be heard to complain when a plaintiff cannot provide further facts or specifics about why any investigation of a credit dispute was unreasonable. In the absence of such communication, consumers are left entirely in the dark about what, if anything, any furnisher did to verify the accuracy of its earlier report. A Rule 12(b)(6) motion will not act as the final seal on that entombment.[1]

---

[1] On this point, the Court declines to follow the approach taken by Judge Feess in *Duenas v. Nordstrom FSB*, CV 12-02062 GAF (JCx), 2012 U.S. Dist. LEXIS 149491, *8-9 (C.D. Cal. Sept. 13, 2012), and by the Eastern District court in *Ali v. Capital One*, No. 1:11-cv-02115-LJO-SKO, 2012 U.S. Dist. LEXIS 9991, *9-10 (E.D. Cal. Jan. 27, 2012). Neither decision explains how a consumer in a position such as Plaintiff could be expected to plead more facts about what a furnisher did, did not, or should have done in performing its investigation.

CCRAA

CACH argues that the CCRAA applies only to credit reporting agencies and users, not furnishers. To do so, CACH relies on case law pre-dating the enactment of California Civil Code § 1785.25(a), upon which Plaintiff's CCRAA claims are based. A plain reading of section 1785.25(a) renders CACH's argument in this manner absurd: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a); *see also* Cal. Civ. Code § 1785.31(a) ("Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person ....") (emphasis added). CACH has not fashioned its CCRAA argument as based on a preemption argument, but only on the assertion that the statute does not allow for Plaintiff to sue a furnisher. This Court rejects that argument.

FDCPA[2]

Plaintiff bases his FDCPA claim upon three separate provisions – 15 U.S.C. §§ 1692e, 1692f and 1692g. Taking them in reverse order, as to any claim based upon section 1692g, CACH points out that an "initial communication with a consumer in connection with the collection of any debt" is required for any wrongdoing falling under that section, and that it is Plaintiff's entire premise that CACH *did not* communicate with him at all. Plaintiff responds that it is a furnisher's *credit reporting activity* which constitutes "communication with a consumer." However, he provides no authority backing that view,[3] and his policy-based reasons for why it should be read that way should be addressed to the appropriate legislative body, not this Court. Any claim based upon a purported violation of section 1692g would therefore be dismissed without leave

---

[2] Because Plaintiff's RFDCPA allegations and CACH's RFDCPA arguments are based entirely on the FDCPA allegations and arguments, the Court's ruling on the FDCPA claims would be the same for the RFDCPA claims.

[3] Plaintiff directs the Court to *Sullivan v. Equifax*, No. CIV.A. 01-4336, 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. Apr. 19, 2002) and *Boatley v. Diem Corp.*, No. Civ. 03-0762-PHX-SMM, 2004 U.S. Dist. LEXIS 5089 (D. Ariz. Mar. 24, 2004). *Sullivan* did not involve section 1692g, but a quite different provision (section 1692e(8)) concerning "communication ... to *any* person," 2002 U.S. Dist. LEXIS 7884, *14-15, and in *Boatley* there was no dispute that the furnisher had communicated directly with the consumer, *see* 2004 U.S. Dist. LEXIS 5089 *3, 8-9.

to amend (at least as to CACH).

With respect to section 1692e, Plaintiff asserts violations of both subsection 1692e(2) and subsection 1692e(8). Subsection e(2) prohibits "[t]he false representation of … the character, amount, or legal status of any debt …." 15 U.S.C. § 1692e(2). CACH argues that Plaintiff's allegations in this regard are insufficiently factual. However, as the Court intimated in its December 13 ruling, there are very few facts necessary when your principal contention is that the falsity consists of whether or not the account even belongs to you.[4] CACH's challenge to the subsection e(2) allegation is therefore unsuccessful. Subsection e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). As to that subsection, while CACH might be correct that its initial report to a consumer reporting agency could not have violated that subsection (because of a lack of information from which it knew or should have known about any alleged falsity), Plaintiff also alleges that CACH failed to communicate "that a disputed debt is disputed," conduct which specifically falls within the coverage of subsection e(8). FAC ¶ 56; *see also id.* ¶¶ 15-16, 19. Consequently, Plaintiff's claims based upon subsections e(2) and e(8) may proceed.

Finally, Plaintiff alleges that CACH violated 15 U.S.C. § 1692f(1). Subsection 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Here, CACH appears to be correct that Plaintiff has not demonstrated how the facts of his case support an allegation of a subsection 1692f(1) violation. Plaintiff does not appear to contend that CACH was simply collecting something beyond what his (allegedly nonexistent) agreement with CACH allowed CACH to collect, which is what the plain language of section 1692f(1) concerns. Indeed, section 1692f(1) expressly refers to "*the*

---

[4] In its Reply, CACH indicates its belief that Plaintiff should be able to plead that he never opened the account, that the account was a result of identity theft, and or that he never made any of the subject charges. Whether or not Plaintiff should be able to provide those facts does not mean that it is mandatory that he must allege those facts in order to make out a sufficiently factual claim. The Court believes that he has alleged a sufficient claim under *Iqbal* and *Twombly* without that detail (which the Court could infer from his non-ownership allegation in any event), which may be the basis for properly-directed discovery.

agreement creating the debt," a threshold fact that Plaintiff denies exists here. *Id.* (emphasis added). Plaintiff provides no authority suggesting that the Court is incorrect in its view of how subsection 1692f(1) operates. Unless Plaintiff now takes the position that his case is about something other than what it appears to concern, the Court would dismiss any section 1692f(1) claim without leave to amend (at least as to CACH).

### Defamation

Because Plaintiff did not purport to possess, at this time, additional facts giving him a colorable claim to malice on the part of Citibank and DB, the Court dismissed Plaintiff's defamation claim against those defendants without leave to amend. Assuming the same is true as of the time of oral argument on this motion, the same result would apply to CACH.

### Conclusion

Absent an explanation for how they may be saved by way of amendment, Plaintiff's 15 U.S.C. § 1692g, 15 U.S.C. § 1692f(1), and defamation-libel claims would be dismissed without leave to amend (at least as to CACH[5]). Otherwise, the Court would deny CACH's motion.

---

[5] Hearings on other motions to dismiss the FAC are presently set for January 10, 2013, *see* Docket No. 30, and February 11, 2013, *see* Docket No. 34.